UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

C.K., as a natural parent and on behalf of
Minor child M.K.

     Plaintiff,        **COMPLAINT WITH JURY DEMAND**


   -against-

COLLEGE BOARD, AND COLLEGE BOARD
SERVICES FOR STUDENTS WITH
DISABILITIES

     Defendants,

--------------------------------------------------------X

   The Plaintiff, C.K., as a natural parent and on behalf of minor child M.K by her attorneys, STEWART LEE KARLIN LAW GROUP, P.C., complaining of Defendant, COLLEGE BOARD, AND COLLEGE BOARD SERVICES FOR STUDENTS WITH DISABILITIES, alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matter, as follows:

### NATURE OF THE CLAIM

   1.  This is a civil action based upon Defendants' violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 by discriminating against Plaintiff due to his disability and perceived disability and by failing to accommodate Plaintiff in his SAT exam. Plaintiff is seeking damages for violating his civil rights.

### JURISDICTION AND VENUE

2.   The Court has jurisdiction over Defendant COLLEGE BOARD, AND COLLEGE BOARD SERVICES FOR STUDENTS WITH DISABILITIES pursuant to 42 U.S.C § 12117. Plaintiff has commenced this action pursuant to the ADA. The Court invokes the

supplemental jurisdiction of this Court regarding the state law claims.

3.    This action properly lies as the claims arose within this District and Defendants' Principal's offices are in this district.

## PARTIES

4.    At all times hereinafter mentioned, Plaintiff's C.K. minor son M.K. was (hereinafter "M.K."), was and still is  a student at Brooklyn Technical High School.

5.    The Plaintiff has disability  and perceived disability  (hearing loss as a result of a cholesteatoma, eroded bones in his left ear, permanent auditory processing damage).

6.    Defendants are non-profit  corporations with their principal place of business in New York County

## FACTUAL STATEMENT

7.    The Plaintiff, C.K., as a natural parent and on behalf of minor child M.K, brings this action for A.D.A. violations of her son's rights and for the Defendant's failure to accommodate his disability in the SAT exam.

8.    M.K. is a student at Brooklyn Technical High School (DOB 04/25/2003) and he has a current 504 Plan approved by his high school which among other accommodations, grants him time and a half in his exams due to his disabilities.

9.    Specifically, the nature of M.K.'s disability stem because of side effects of a cholesteatoma in his left ear, which was diagnosed at the age of 4 years old.  After multiple surgeries, including the removal of his adenoids, the removal of his tonsils, and the removal of the cholesteatoma, he then had 2 additional surgeries for the reconstruction of the middle ear of his left ear, the most recent surgery was when he was ten years old.

10.    Unfortunately, the cholesteatoma in his left ear eroded some of the bones and

caused permanent hearing loss, among other conditions that forced Matthew to use an FM hearing unit for school.

11.     In addition, as a direct result of the permanent damage the cholesteatoma caused in Matthew's left ear, he has a permanent disability in that he has a permanent auditory processing problem.

12.     M.K. needs time and a half in his exams.

13.     More specifically, due to the permanent auditory processing disability, it takes M.K. much longer time to process information, such as to understand a question, in comparison to other students.

14.     Therefore, this auditory processing disability puts M.K. at a great disadvantage in contrast to his peers as by the time M.K. can fully understand an exam question, other students had already began answering the question.

15.     Thus, even though M.K. can perform well in the first parts of an exam, he often does poorly in the rest of the exam as he cannot finish answering an exam or guesses the remaining responses.  This puts M.K. at great disadvantage as he cannot show what he knows.

16.     For this reason, M.K. received a 504 plan in which he received time and a half for his exams.  In this way, M.K. does not fall behind but has the same opportunity as other students who do not have a disability.

17.     In sum, M.K.'s disability directly impacts his auditory decoding system and makes him deficient at decoding information by directly affecting his auditory memory deficit.

18.     Although memory is more associated with a cognitive skill, in M.K.'s case there is some interaction with incoming auditory messages/information and the ability to retain the information.  Unlike a normal student, in M.K.'s case, this interaction is directly impacted. Auditory memory deficits of incoming auditory information entails so much energy/effort in

both hearing and understanding the information that there is very little energy left to remembering the information. Thus, in M.K.'s case, the process of decoding the information is a slow and "laborious" process and therefore, he needs more time to take exams in comparison to a normal student to be on an equal playing field.

19. Specifically, when M.K. takes any exam or pays attention to a lesson, the information that is presented to him at the beginning may not be retained in his working memory by the time the full message/information is completed. Consequently, the entire message/information may be forgotten or not completely understood.

20. Furthermore, the deep impact of M.K.'s disability goes beyond the school arena and impacts his life daily. For example, M.K. cannot interact effectively with his peers in that he does not process the full instructions of simple things such as where to meet, or when relating a message, he misses hearing something or deletes something in the relay of information. For this reason, M.K.'s peers have the impression that M.K. does now what is going on. Due to this, M.K.'s parents work with him daily on hearing and relaying sequences.

21. M.K.'s condition has occurred during the spam of his entire life and is directly related to his language issues associated with an auditory processing disorder.

22. In addition, after a professional speech testing evaluation by Mount Sinai Hospital, the speech pathologist recommended that due to M.K.'s impairment, he should be allowed extra time to complete tasks. To be specific, the Speech Pathologist indicated that M.K. should consider how long he anticipates a task to take and then double or triple the time, to allow for enough time for scheduling.

23. Furthermore, M.K. was also professionally assessed by the Child Mind Institute and after a thorough evaluation, it was determined in relevant part, that "M.K. requires the following accommodations during tests due to deficits related to his Auditory Processing

Disorder in order to accurately represent his knowledge: a. Extended time (1.5x), b. Questions and directions repeated, c. Flexible Setting/Separate location to minimize distractions, d. Breaks during testing [i.e., 5 minute break every 20 minutes), e. Multiple day administration, if necessary, f. Reduced number of test items per page, g. Use of masks or markers to maintain place, h. On-task focusing prompts provided.

24.    Given the daily challenges M.K. endures due to his disability, the NYCDOE approved and implemented a 504 Plan tailored to his disability and he has been able to thrive academically since he was reasonably accommodated.  In his current approved plan, Matthew receives the following:

**Testing Accommodations**
- Time and a half on all local and state assessments
- Matthew will take all exams in a separate location with few distractions
- Matthew will sit front for all testing
- Student allowed use of FM unit for the left ear for all testing
- Questions read and re-read as needed
- **Class Quiz:** Matthew will be allowed to entire class time to complete a quiz as needed

**Classroom Accommodations**
- Use of personal laptop/tablet to take notes in class
- Student will be allowed use of FM unit for the left ear
- Student will be allowed to sit in front of class as needed
- Student will be allowed to pair with a classmate (buddy system) for notes, extra explanations/directions
- Student will be allowed to hand in typed homework (for essays)
- Student will be allowed extra time to complete assignments
- Assignments should be given in writing as well as orally (important key terms should be highlighted)
- Teacher will give simple and concise instructions
- Teacher will gain his attention before speaking

25.    The Department of Education implemented a 504 plan in which M.K. receives reasonable accommodations for testing, consisting in time and a half on all exams, exams that are given in a separate location with few distractions, front seat, the allowance for use of a FM

unit for the left ear for all testing, and to have questions read and re-read as needed.

26.     With the accommodations implemented by the Department of Education, M.K. has been able to thrive in school.

27.     Accordingly, as the time for M.K. to take the SAT was approaching, during the summer of 2019 C.K. (mother of M.K.) formally requested reasonable accommodations to the Defendant (hereinafter College Board) due to M.K.'s well documented disability.

28.     Among other accommodations, she sought that M.K. be allowed to have time and a half in his upcoming November 2019 SAT exam as his 504-plan indicated.  C.K. provided Defendant with all the appropriate documentation, including M.K.'s 504 plan and supporting documentation.

29.     In essence, C.K. requested that the same accommodations approved and implemented by M.K.'s high school via 504 plan be also implemented during the upcoming November 2019 SAT exam as well as in the succeeding SAT exams, or in the alternative, that he be given time and a half for the SAT exam.

30.     This request was not only supported by medical and scientific evidence as presented above but was also supported and recommended by M.K.'s own teachers who have filled out the application explaining the need of extra time for M.K.'s exams.

31.     Further, in her request, C.K. presented to the Defendant all evidence required and further explained how M.K. will be put at a significant disadvantage if the reasonable accommodations were not granted as explained *supra*.

32.     By letter dated August 07, 2019, The College Board denied the reasonable accommodation M.K. sought.  Specifically, in the letter, the time and a half accommodation request was denied.

33.     In the denial letter however, Defendant stated that it granted other partial

6

accommodations such as preferential seating, small group setting, FM amplification and copies of written copy oral instructions.  However, these accommodations are inadequate for M.K.'s disability as they do not address nor accommodate his auditory decoding disability; thus, he is still at a major disadvantage.

34.     Due to Defendant's failure to grant the time and a half reasonable accommodation, Plaintiff appealed the decision through counsel.

35.     In her appeal, Plaintiff provided further documentation.

36.     It is noted that the appeal letter was sent to the Defendant as per Defendant rules on September 16, 2019, via mail to Defendant's P.O. box as indicated.

37.     The copy of the appeal could not be faxed, oddly because Defendant's fax machine was not operational.  Thus, in an abundance of caution the undersigned also sent Defendant a soft copy of the appeal via e-mail which counsel obtained after calling Defendant multiple times.

38.     However, for over a month, the undersigned nor Plaintiff heard any response from the Defendant.  After multiple calls, where it was indicated that the accommodations were going to be granted and later this was contradicted by another representative saying they were still on review, Plaintiff went to Defendant's office and hand delivered the appeal days before the November SAT.

39.     On or about November 2, 2019, M.K. went to take the SAT.

40.     Even though M.K. presented his ticket and indicated that to his knowledge he did not have any documentation stating that his request of time and a half was approved, his proctors insisted and instructed him to take the SAT with time and a half reasonable accommodation.

41.     M.K. had studied vigorously for the November 2, 2019.

42.     However, after Defendant granted the aforementioned accommodation on the day

of M.K.'s November SAT exam, by letter dated November 8, 2019, Defendant changed its position and stated to Plaintiff that "there was a problem during the administration that prevented from accurately scoring [M.K.] test" and M.K. had to take the whole test again as the November 2, 2019 SAT was not going to be scored.  This created anxiety and anguish to M.K. and Plaintiff as the accommodations on the November 2, 2019 were given by Defendant despite M.K. stating to them clearly that he did not have any approved time and a half accommodation on that day to his knowledge.  See Exhibit "A".

43.     Thereafter, by letter dated December 5, 2019 (more than a month after the exam), Defendant formally denied the SAT accommodations via letter.

44.     In its December 2019 letter, Defendant indicated that the time and a half request was denied for reading and writing.  It instead, in relevant part, Defendant stated that it was granting time and a half to M.K. in the listening part of the SAT, even though the SAT does not have a listening part.  Thus, Defendant y denied Plaintiff's request of time and a half for M.K.'s SAT exam.

45.     Shockingly, Defendant granted time and a half to M.K. in his PSAT and scored it.  Defendant administers the PSAT and the SAT, thus, Defendant's actions are highly conflictive and there are indicia of bad faith given the aforementioned.

46.     It is emphasized that M.K. was also granted time and a half reasonable accommodation on his ACT exams (not provided by Defendant).

47.     As a result of Defendant's actions, M.K. suffered damages.  He is psychologically damaged.

48.     Currently, M.K. has no SAT score and his chances to apply to college are greatly affected.  This has a great impact in his life.

## FIRST CLAIM FOR RELIEF-ADA

49.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

50.     M.K. is a protected individual within the meaning of the Americans with Disabilities Act 42 U.S.C. 12182.

51.     Plaintiff has a disability within the meaning of the ADA.

52.     Defendant College Board is a statutory party within the meaning of the ADA.

53.     Defendant violated the ADA by failing to reasonable accommodate Plaintiff and by failing to engage in the interactive process.

54.     As a result of the willful activities of defendant, plaintiff has been deprived of equal educational opportunities based upon her disability, and perceived disability discrimination in violation of the Americans with Disabilities Act 42 U.S.C. 12182.

## SECOND CLAIM FOR RELIEF-NYS EXECUTIVE LAW

55.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56.     As a result of the foregoing, defendant violated Executive Law § 296 by failing to reasonably accommodate Plaintiff. As a result  of defendant violating the Executive Law, Plaintiff has been damaged.

## THIRD CLAIM FOR RELIEF-NYC LAW

57.     Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

58.    As a result of the foregoing, Defendants refused to reasonably accommodate Plaintiff in violation of the Administrative Code of the City of New York Administrative Code of the City of New York § 8-107.  As a result, Plaintiff has been damaged.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury of all issues and claims in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.    Compensatory damages including and related expenses and emotional  distress;

2.    A declaration that Plaintiff's rights have been violated under the ADA and  NYS and NYC Human Rights law and equitable relief requiring Defendant to reasonably accommodate Plaintiff's minor son M.K. including scoring his November 2, 2019 SAT.

3.    Attorney fees and costs cannot yet be determined.

Dated: New York, New York
       December 16, 2019                  STEWART LEE KARLIN
                                          LAW GROUP, P.C.

                                           _/s/ Stewart Lee Karlin Esq._
                                          STEWART LEE KARLIN LAW
                                          GROUP, P.C.
                                          Attorneys for Plaintiff
                                          111 John St., 22nd Floor
                                          New York, NY 10038
                                          (212) 792-9670